1  CHRISTY WESTON
   5144 Bascule Ave.
2  Woodland Hills, CA 91364

3  Tel. (818) 713 1020
4     (818) 298-5419

5  Plaintiff, Christy Weston In Pro Se

6

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10 CHRISTY WESTON, an individual,        )  Case No.  CV 10 2198 GAF (FFMx)
                                         )
11              Plaintiff,               )  NOTICE OF APPLICATION
                                         )  FOR TEMPORARY
12 v.                                    )  RESTRAINING ORDER AND
                                         )  PRELIMINARY INJUNCTION
13 INDYMAC MORTGAGE SERVICES, a          )
   Division of ONEWEST BANK FSB aka      )  Date: March 26, 2010
14 ONEWEST BANK GROUP, LLC, a            )  Time: 10:00am
   Delaware Limited Liabilty Company;    )  Courtroom: 740-Roybal
15 QUALITY LOAN SERVICE CORP., a         )
   California Corporation, DEUTSCHE      )
16 BANK NATIONAL TRUST COMPANY;          )
   a National Banking Association;       )
17 INDYMAC INDX MORTGAGE LOAN            )
   TRUST 2007 FLX RAY 3; and             )
18 MORTGAGE ELECTRONIC                   )
   REGISTRATION SYSTEMS, INC., a         )
19 Delaware Corporation.                 )
                                         )
20              Defendants.              )
                                         )
21 _____

22     TO: DEFENDANTS QUALITY LOAN SERVICE CORP. AND ITS ATTORNEY

23 DANIEL J. GOULDING, INDYMAC MORTGAGE SERVICES DIVISION OF ONE WEST

24 BANK, AND TO ALL OTHER INTERESTED PARTIES:

25     NOTICE IS HEREBY GIVEN, that Plaintiff Christy Weston will present an Application

26 for Temporary Restraining Order (TRO) and Preliminary Injunction to the Honorable Gary A.

27 Feess in Courtroom 740 - Roybal Building, 255 E. Temple, Los Angeles, CA 90012 on March

28

1 | 26, 2010 at 10:00am, or as soon thereafter as the matter can be heard.  The Clerk of the Court

2 | is Renee Fisher who may be reached at (213) 894 3480.

3 |      SAID TRO AND APPLICATION FOR PRELIMINARY INJUNCTION IS MADE AND

4 | BASED, on this Notice, the Summons and Complaint attached hereto, the Application for

5 | TRO and Preliminary Injunction, the Declaration of Michael Worthington and Memorandum

6 | of Points and Authorities in support thereof, the Proposed Temporary Restraining Order and

7 | Proposed Order to Show Cause Why Temporary Restraining Order Should Not Issue, on

8 | exhibits that may be lodged and oral argument and/or testimony that may be adduced at the

9 | time of hearing.

10 | Dated:   March 25, 2010

Christy Weston
Plaintiff In Pro Se

24 | not tro 032520 418

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 15760 Ventura Blvd., Suite 700, Encino, CA 91436. On March 25, 2010 I served the foregoing document described as NOTICE OF APPLICATION FOR TEMPORARY AND PRELIMINARY INJUNCTION, on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

QUALITY LOAN SERVICE, 2141 5th Ave., San Diego, CA 92101, Attn: Daniel J. Goulding, Esq [(619) 568 3628]*

INDYMAC LOAN SERVICING, 6900 Beatrice Ave., Kalamazoo, MI 49003, Attn: RESPA Dept [(269) 353 2432]

 X  BY MAIL - I caused such envelope with first class postage thereon fully prepaid to be placed in the United States mail at Encino, California.

 *  VIA FACSIMILE - From Fax no. (818) 908 1127 to Fax No. (See above) at Encino, California, directed to (see above), and no error was reported by the machine. I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

. I am a member of the bar of this court.

Executed on March 25, 2010 at Encino, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct

Michael Worthington
Type or Print Name

Signature

Name & Address:
CHRISTY WESTON
5144 Bascule Ave.
Woodland Hills, CA 91364

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| CHRISTY WESTON, | CASE NUMBER |
| | |

PLAINTIFF(S)

**CV10 2198** *GAF (FFMX)*

v.

INDYMAC MORTGAGE SERVICES, a Division of
ONEWEST BANK FSB aka ONEWEST BANK
GROUP, LLC, a Delaware Limited Liabilty Company;

DEFENDANT(S).

**SUMMONS**

TO:   DEFENDANT(S): <u>INDYMAC MORTGAGE SERVICES, a Division of ONEWEST BANK FSB aka</u>
<u>ONE WEST BANK GROUP, LLC, a Delaware Limited Liability Company; (see attached)</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer
or motion must be served on the plaintiff's attorney, <u>Christy Weston In Pro Se</u>
<u>5144 Bascule Ave., Woodland Hills, CA 91364</u>. If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint. You also must file
your answer or motion with the court.

Clerk, U.S. District Court

Dated: __3-25-10__

By: _____

Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed*
*60 days by Rule 12(a)(3)].*

CV-01A (12/07)

**SUMMONS**

Attachment to Summons
~~Christy Weston v IndyMac Mortgage Services, Et. Al.~~

~~Parties Defendant (continued):~~

QUALITY LOAN SERVICE CORP., a California Corporation; DEUTSCHE BANK
NATIONAL TRUST COMPANY; a National Banking Association; INDYMAC INDX
MORTGAGE LOAN TRUST 2007 FLX RAY 3; and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., a Delaware Corporation.

Complaint

1  CHRISTY WESTON
2  5144 Bascule Ave.
   Woodland Hills, CA 91364

3  Tel. (818) 713 1020

4

5  Plaintiff, Christy Weston In Pro Se

6

7              UNITED STATES DISTRICT COURT
              CENTRAL DISTRICT OF CALIFORNIA
8

9  CHRISTY WESTON, an individual,         )   Case No. CV10 2198 - G AF (FFMx)
                                          )
           Plaintiff,                     )   COMPLAINT FOR:
10                                        )
11 v.                                     )
                                          )
12 INDYMAC MORTGAGE SERVICES, a           )   1.   VIOLATION OF REAL
   Division of ONEWEST BANK FSB aka       )        ESTATE SETTLEMENT
13 ONEWEST BANK GROUP, LLC, a             )        PROCEDURES ACT (12 USC §
   Delaware Limited Liabilty Company;     )        2605, et seq.)
14 QUALITY LOAN SERVICE CORP., a          )
   California Corporation, DEUTSCHE       )   2.   INJUNCTIVE RELIEF
15 BANK NATIONAL TRUST COMPANY; a         )
   National Banking Association; INDYMAC  )   DEMAND FOR TRIAL BY JURY
16 INDX MORTGAGE LOAN TRUST 2007          )
   FLX RAY 3; and MORTGAGE                )
17 ELECTRONIC REGISTRATION                )
   SYSTEMS, INC., a Delaware Corporation. )
18                                        )
           Defendants.                    )
19

20

21

22

23

24

25

26

27

28

                          COMPLAINT                              Case No.

Plaintiff Christy Weston, an individual, (hereinafter "Plaintiff"), for her Complaint against Defendants alleges as follows:

## INTRODUCTION

1.      This case involves a course of predatory lending practices which have caused Plaintiff, who is caretaker for her quadriplegic sister in the residence, to lose all of the equity in her home and be faced with bankruptcy and/or leaving the home they have occupied for approximately 20 years and modified to suit the disabled individual's particular needs. The Defendants in this case have violated a panoply of state and federal lending laws and consumer protection and fair debt reporting laws. They have committed fraudulent and deceptive acts, against an unsuspecting borrower who has the added responsibility of providing care for a disabled person.

2.      Plaintiff's primary source of income was her sister's monthly State of California In Home care benefit. When Defendants qualified Plaintiff for a $665,000 refinanced loan ("Subject Loan") and took a secured interest in her home, they failed to abide by the most import underwriting guideline governing whether a loan should issue - determining if Plaintiff had sufficient income to pay the monthly payments. Instead, on information and belief, they qualified Plaintiff for the Subject Loan based exclusively on the equity in Plaintiff's home at the time the loan application was filed. The residence is situated at 5144 Bascule Ave in Woodland Hills, California ("Subject Property") and was said to be worth $950,000 at the time.

3.      The Subject Loan was approved based on "...your credit history and any proposed change in your monthly mortgage payment". In fact, Plaintiff was told she could only be issued "high risk" loans since she obtained title to the Bascule property, because there had been years of litigation with her former landlord that depleted all of the equity out of the Subject Property, and left it subject to problem loans from the previous owner. Plaintiff was led into a series of three expensive refinances, first with Homecomings in 2005, followed by IndyMac Bank in 2006 and 2007. In each transaction, Plaintiff was told this would be the last time she needed to refinance, next time she would be able to get a stable loan she could afford on a long term basis.   Defendants, by

1 | reason of their superior knowledge of real estate lending, knew that the only way Plaintiff could pay

2 | for the Subject Loan was to continue to strip equity out of her home through repeated refinancing.

3 |      4.    Defendant's actions were classic predatory lending practices. The United States

4 | Office of the Comptroller of Currency has opined on what it characterized as a touchstone of

5 | predatory lending, i.e., where the lender fails to determine whether a borrower can reasonably be

6 | expected to repay the loan from resources *other than* the collateral in the home. O.C.C. Policy

7 | Letter AL2003-2. Elaborating, the Office of the Comptroller noted that, when a lender relies upon

8 | the liquidation value of the borrower's collateral, it commits classic acts of predatory lending. The

9 | Defendants in this case could not possibly have relied upon anything other than the liquidation value

10 | of the collateral in Plaintiff's home as the basis for granting her the loan at issue in this case.

11 |      5.    It is not surprising that among the list of Defendants in this case is IndyMac Mortgage

12 | Services, a Division of OneWest Bank, FSB which is owned by IMB HoldCo, LLC and managed by

13 | IMB Management Holdings, LP, a Limited Partnership (hereinafter, collectively, "INDY"),  In the

14 | New York case of <u>IndyMac Bank, FSB v Yaro-Horosky</u>, 2009 NY Slip Op 52333(U), decided on

15 | November 19, 2009 in the Supreme Court, Suffolk County by Spinner, J., the court noted that based

16 | on its conduct, it was clear that INDY had "...no good faith intention whatsoever of resolving this

17 | matter (foreclosure on defendant's residence) in any manner other than a complete and forcible

18 | devolution of title from Defendant." Holding that equitable relief will not lie in favor of one who

19 | acts in a manner which is shocking to the conscience,  oppressive or unjust and that under such

20 | aggravated circumstances as existed in that case INDY could not merely have its action dismissed –

21 | the mortgage debt was cancelled and the mortgage was discharged.

22 |      6.    The experience in <u>Yaro – Horosky</u> should have been a beginning for INDY to right

23 | the wrongs it has committed in the past. Defendants herein have failed in that endeavor, and

24 | continue to service the Subject Loan in ways that violate numerous federal and common laws. The

25 | Defendants' previous conduct has been exacerbated by the development of new tactics, such as the

26 | practice of returning ALL of a borrower's Qualified Written Request ("QWR") correspondence and

27 | never establishing a personal contact for discussion of voluntary resolution of complaints.

28 |

Case No.

1

2       7.     Specifically, one of the key consumer protections under the Real Estate Settlement

3 Practices Act ("RESPA") is the ability of a borrower to send a letter (QWR) to its loan servicer

4 asking for an accounting of all money owing, late fees charged, etc. When the borrower sends a

5 QWR to its lender, the lender has 20 days to acknowledge receipt of the QWR and 60 days to

6 provide a substantive response. On December 30, 2009, Plaintiff sent a QWR to Defendant INDY

7 with copy to Quality Loan Service Corp. ("Quality Loan"), who was purportedly appointed by

8 OneWest Bank's predecessor, IndyMac Federal Bank, as the substitute trustee for the Subject Loan.

9 Follow up correspondence was sent 01/15/2010, 02/23/2010, 03/08/2010 and 03/19/2010.  Notice of

10 Intent to Sue was sent via facsimile and regular mail on 03/23/2010.

11       8.     Rather than respond to Plaintiff's QWR, INDY forwarded the QWR internally to

12 OneWest Bank, who did not acknowledge receipt until 27 days later on 01/26/2010.  INDY has

13 never provided a substantive response.

14       9.     INDY has made a series of demands prior to and since 12/30/09  that are plagued

15 with contradictory statements regarding the amount of money Plaintiff owes on the Subject Loan.  In

16 addition, INDY has failed to identify the true owner of the Subject Loan and has failed and refused,

17 and continues to fail and refuse to provide Plaintiff with the documents she requested, even though

18 Plaintiff submitted multiple authorizations and a check for payment of costs of duplication .

19      10.    On information and belief, Plaintiff's loan was securitized.[*See*, *In Re Hwang* . 396

20 B.R. 757, 767 (Bankr. C.D. Cal. 2008) discussing securitization and determining who is the real

21 party in interest]. As is typical when a loan is securitized, the funds Plaintiff borrowed most likely

22 did not come from any source that Plaintiff could readily identify.  Instead, the money for the Subject

23 Loan came from "investors," the identity of whom is concealed by the named Defendants.

24      11.    Plaintiff cannot file a complete complaint, and in particular include all interested

25 parties and defendants, because the named defendants routinely conceal pertinent information, and

26 maintain it tightly within their control.

27

28

<div align="center">3</div>

Case No.

12.     The parties that have an interest in this matter, and who are potential defendants include, but are not necessarily limited to various servicers, master servicers, subcontractors, securities administrators, custodians, and others, which Plaintiff cannot include at this time because the named defendants have concealed this information from her.  On information and belief, Plaintiff's loan is part of a Special Purpose Vehicle ("SPV"), which issues securities to certificate holders.

13.     On information and belief, the defendants have no authority to modify the loan under the terms governing the servicing of loans within an SPV.  In many cases, the agent or trustee of the SPV cannot modify the loan without the consent of the certificate holders.

14.     The SPV and certificate holders are necessary parties.  The Defendants, however, are the only parties that have access to the information identifying the SPV and certificate holders.  Defendants are required by RESPA to reveal the identity of the SPV and the certificate holders.  Rather than comply with their legal duty, Defendants have, instead, intentionally concealed this information.

15.     Defendants have unlawfully initiated foreclosure proceedings on Plaintiff's home.  This egregious interfusion of predatory lending, elder abuse (California law includes disabled persons), and wrongful foreclosure, have resulted in horrific and devastating financial losses for this vulnerable and unsuspecting borrower.  This action is to seek redress and restore to Plaintiff the financial security she had prior to this predatory assault on her finances.

12.     Cal. Civil Code 2923.6 states:

a) The Legislature finds and declares that any duty servicers may have to maximize net present value under their pooling and servicing agreements is owed to all parties in a loan pool, not to any particular parties, and that a servicer acts in the best interests of all parties if it agrees to or implements a loan modification or workout plan for which both of the following apply:

(1) The loan is in payment default, or payment default is

4
COMPLAINT

Case No.

reasonably foreseeable.

(2) Anticipated recovery under the loan modification or workout

plan exceeds the anticipated recovery through foreclosure on a net

present value basis.

(b) It is the intent of the Legislature that the mortgagee, beneficiary, or

authorized agent offer the borrower a loan modification or workout plan if

such a modification or plan is consistent with its contractual or other authority.

(c) This section shall remain in effect only until January 1, 2013, and as of

that date is repealed, unless a later enacted statute, that is enacted before

January 1, 2013, deletes or extends that date.

16.     On information and belief a loan modification will often result in a recovery on a net present value basis, greater than a foreclosure, especially if there is a principal reduction in the loan and this is true for the Plaintiff.  Plaintiff has worked assiduously to complete a loan modification with INDY and her package was submitted by the Los Angeles Neighborhood Housing Services, a HUD approved counselor, on February 23, 2010.  This has been completely ignored and Defendants have failed and refused, and continue to fail and refuse, to cancel the foreclosure sale of <u>March 29, 2010.</u>

**JURISDICTION AND VENUE**

17.     This Court has subject matter jurisdiction based upon federal question under 12 U.S.C. § 2614.  This is an action asserting violations of federal statutes commonly known as, RESPA.

18.     After Plaintiff receives the information required to be provided to her, she intends to allege violations of statutes commonly known as TILA, Regulation Z, the Fair Credit Reporting Act, and the Fair Debt Collection practices act, with additional claims under other federal laws and

1    California law and the court will have subject matter jurisdiction based upon federal question under
2    28 U.S.C. § 1331 and 1367, and 15 U.S.C. §1692, and 15 U.S.C. § 1640(e).

3        19.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial
4    part of the events giving rise to the claims asserted herein occurred in this judicial district, the
5    Subject Property is located in this district.

6        20.    This Court has personal jurisdiction over the parties as all Defendants engage in
7    business within the State of California, County of Los Angeles, and thus have sufficient contacts.

8        21.    This Court has jurisdiction over state claims by virtue of pendent jurisdiction.

9                                        **DEFINITIONS**

10       22.    As used in this Complaint:

11       a.    The term "RESPA" means the Real Estate Settlement Procedures Act, 12 U.S.C.
12   § 2605 *et seq.*

13                                          **PARTIES**

14       23.    Plaintiff Christy Weston, an individual, currently maintains her primary residence at
15   5144 Bascule Ave, Woodland Hills, CA. ("Subject Residence"). Plaintiff has resided at the Subject
16   Residence for approximately 20 years. Plaintiff's sister, Heidi Von Beltz, lives with her at the
17   Subject Property and is a quadriplegic under Plaintiff's full time care. At all times herein material,
18   Plaintiff has been living on a fixed monthly income from her sister's In Home Services benefit plus
19   some rent income. Plaintiff has limited sophistication regarding the real estate market and
20   residential loans.

21       24.    Plaintiff is informed and believes, and thereon alleges, that at all times mentioned
22   herein, Defendant One West Bank, FSB was a federal savings bank owned by a Delaware Limited
23   Liability Company named One West Bank Group, LLC (hereinafter collectively "OWB"), that
24   IndyMac Loan Services is now a Division of OWB, and they are the successor of IndyMac Bank,
25   FSB and IndyMac Federal Bank. ("IndyMac") which was taken over by the Federal Deposit
26   Insurance Corporation in or around July, 2008. OWB and it's loan servicing division is in the
27   business of providing mortgage products and services in the State of California.

28

25.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant Quality Loan Service Corp. was a California corporation authorized to conduct business in the State of California and was a servicer of the Subject Loan issued by Indy Mac Bank on or about 03/23/2007 after it went into default.

26.     Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, Defendant Deutsche National Trust Company was a national banking association doing business in California and was a loan servicer at all times mentioned herein.

27.     Plaintiff is informed and believes that the Subject Loan was securitized by Indy Mac Bank and sold as IndyMac INDX 2007 Mortgage Loan Trust 2007 FLX Ray 3 in April, 2007, a month after it was issued.

28.     Plaintiff is informed and believes, and thereon alleges, that at all pertinent times each of the Defendants was the agent of each of the remaining Defendants, and /or acted with their consent, ratification and authorization, and in doing the acts alleged herein, each of the Defendants acted in such capacity with respect to the remaining Defendants.

29.     In the course of, servicing the Subject Loan Defendants have violated RESPA, and failed to provide material information required to be disclosed under RESPA, and California law. Until Plaintiff obtains the information she is entitled to, she cannot file a complaint that will include necessary parties and include other important information.  Once Plaintiff obtains this information she will seek to amend this complaint or dismiss it without prejudice and file a new action.  In the meantime she temporarily seeks relief only for violations of RESPA, Cal. Civ. Code §2943, and for temporary injunctive relief to stop the wrongful foreclosure.

## FACTUAL ALLEGATIONS

30.     The core of this action arises out of a loan, provided by Defendants and secured by Plaintiff's home, and the subsequent foreclosure related activity on the Subject Property.

31.     The violations alleged herein began prior to Plaintiff entering into the Subject Loan. Before the closing of the Subject Loan, Defendants were supposed to have provided Plaintiff with the TILA disclosures mandated by Federal Law.  A TILA disclosure is a straightforward disclosure of

1  the payment terms of a loan over the life of the loan. Federal Law recognizes the need for such

2  disclosures because most borrowers do not have the legal and financial sophistication to read

3  promissory notes. Defendants violated TILA by withholding the TILA disclosures at the pre-closing

4  phase of the Subject Loan, however, that will be included in a cause of action in an amended

5  complaint.

6       32.    On or about March 23, 2007, Plaintiff signed a promissory note for the Subject Loan

7  resulting in initial payments of $2,251.99 per month. From the outset this payment amount resulted

8  in negative amortization, but there were also provisions for the payments to increase drastically over

9  time. IndyMac repeatedly told Plaintiff that she was getting the best loan she could get and

10 promised that they were acting in Plaintiff's, and only Plaintiff's, best interest. Plaintiff was told that

11 in the following year she would be eligible for a loan on terms that she could afford long term.

12      33.    The terms of the Subject Loan were memorialized in a promissory note. The deed of

13 trust identified Defendant IndyMac Bank, FSB as the lender. In agreeing to sign the loan documents

14 and to encumber the Subject Property with a deed of trust, Plaintiff relied upon promises made by

15 Defendants predecessor in interest, just as they had intended.

16      34.    About a month after the closing of the loan, there was, unbeknownst to Plaintiff, a

17 securitization and assignment, sale and/or transfer of loan servicing rights and obligations in

18 connection with the Subject Loan by Defendants to Defendant DEUTSCHE and the INDY MAC

19 INDX MORTGAGE LOAN TRUST 2007 FLX RAY3 investors. On information and belief, INDY

20 MAC specialized in servicing high-risk mortgages, that is, mortgages at or near the foreclosure

21 phase. These defendants knew, or should have known, of the fraudulent conduct of IndyMac and

22 that they were furthering and compounding the fraudulent scheme, making it their responsibility by

23 acting in concert with them.

24      35.    The Subject Loan falls within the protections accorded to consumers by the Federal

25 Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and its implementing regulations, 12 C.F.R. Part 226

26 "Reg. Z".

27

28

36.     The compliance requirements of TILA are triggered at the time the loan application is made. Within certain times after the loan application is submitted, the lender is required to perform certain acts. They, however, failed to do so. For example, lenders are required to provide borrowers with certain disclosures pursuant to TILA. Under TILA and Regulation Z, lenders are required to clearly and conspicuously disclose the amount financed and the finance charge, among other things, in connection with the Subject Loan.

37.     The TILA disclosures are supposed to be segregated from other documents and any unrelated information per Reg. Z §226.17(a)(1).

38.     TILA disclosures are required to be provided "before consummation" of the loan. (Reg. Z §226.179b). TILA disclosures are one of the most straight-forward pieces of loan documentation. They provide the borrower with a breakdown of monthly payments over the life of the loan. One of the purposes of TILA disclosures is to ensure that borrowers understand the loan they are acquiring, and secondarily to allow borrowers to comparison shop before entering into the loan.

39.     On or about 12/11/2008 IndyMac Federal Bank appointed Quality Loan as purported Substitute Trustee on the subject deed of trust. It was disclosed at that time that Defendant Mortgage Electronic Registration System ("MERS") was the purported nominee of IndyMac Bank, FSB as beneficiary.   On December  4, 2009, a Notice of Default ("NOD") in connection with the Subject Property was filed and served by Quality Loan on Plaintiff claiming a default in the amount of $53,406.37 as of December 4, 2009.   There is attached to the NOD a completely false statement by an authorized agent for Defendant Quality Loan Service claiming the beneficiary or its agent contacted the borrower as required by Cal Code Civ Proc sec 2923.5 or that the beneficiary is exempt.  In addition, the referenced affidavit in support of these false statements was not attached.

40.     On information and belief, Plaintiff alleges that the amount claimed to be in default is incorrect and/or includes charges not permitted under the loan. On the very same day, Defendant INDY sent a demand to Plaintiff on behalf of Defendants DEUTSCHE and the INDY LOAN

1 TRUST in the amount of $780,976.45. This is obviously at complete disparity with the claim made
2 by Defendant Quality Loan Service on the same day.

3      41.    On or about December 30, 2009, Plaintiff served a Qualified Written Request under
4 RESPA requesting an accounting and also including a request for a copy of the note with any
5 modifications thereto and a beneficiary statement under Cal. Civil Code §2943 ("§2943"). Plaintiff
6 sent supplemental QWR correspondence to INDY and Quality Loan on 01/15/2010, 02/23/2010,
7 03/08/2010 and 03/19/2010. All RESPA correspondence was routinely copied to the other
8 Defendants herein.

9      42.    According to RESPA, when a borrower submits a QWR, the lender has 20 days to
10 acknowledge receipt of the QWR and, within 60 days, to perform an adequate investigation, provide
11 the requested information, make any corrections to the borrower's account, including crediting any
12 erroneous late charges or penalties, provide written notification of these credits, provide a written
13 explanation of why the account is correct, and include the name and telephone number of the service
14 representative. Under §2943, defendants had 21 days to respond and provide any modifications to
15 the promissory note, including any assignments.

16      43.    Even though all recipients, on information and belief, forwarded the QWR documents
17 and follow up correspondence to Defendant INDY, the entity that should have had all of the
18 necessary information to answer Plaintiff's inquiries, and of course all QWR documents regarding
19 the Subject Loan, were sent directly to Defendant INDY, Defendants failed to acknowledge receipt
20 of Plaintiff's QWR within 20 days and it failed to respond to the QWR within 60 days, each
21 individually violations of RESPA. Defendants also failed to provide the information required under
22 §2943. Instead, Defendant INDY returned all of Plaintiff's QWR documentation with repeated
23 demands for signed authorization that had already been submitted and acknowledged before the
24 QWR process began. Even after Plaintiff signed and returned the new authorization and submitted
25 her attorney's check for payment of copies of documents, Defendant INDY removed the
26 authorization and check and returned the balance of the correspondence, again demanding the
27 authorization.

28

44.     One of the pieces of information Plaintiff sought in her QWR is the true owner and holder of the Promissory Note (Note"). INDY has concealed the information concerning who has possession of the original Note, and who is entitled to receive the proceeds from any foreclosure or other collection orchestrated by INDY and Quality Loan and/or any of the other Defendants.

45.     INDY and Quality Loan have made false statements concerning the amounts owing at various points in time to Plaintiff in order to defraud her. Neither Defendants INDY nor Quality Loan Service has shown that the amount claimed owing on the loan has been calculated properly and on information and belief they cannot do so. On information and belief, in recording the above-referenced Notice of Default, Defendants unlawfully initiated non-judicial foreclosure proceedings against Plaintiff by recording a Notice of Default and by improperly claiming amounts not owing.

46.     On or about March  8, 2010 Defendant Quality Loan recorded a Notice of Trustee's Sale in connection with the Subject Property for default under the above-referenced deed of trust, again based on alleged defaults not owed on the loan of $767,826.50. On information and belief this was not the correct amount owing and Quality Loan and INDY, the servicers, failed and refused to provide an accounting in response to statutory demands for such.

47.     On information and belief, Plaintiff alleges that Quality Loan systematically conspires with INDY, OWB and the other Co-Defendants, and each of them, to foreclose unlawfully when they know or should know that INDY is unwilling or unable to accurately set forth the amounts in default and knows or should know that IndyMac Bank, FSB had assigned and/or sold the Note before they acquired the assets of IndyMac Federal Bank from the Federal Deposit Insurance Corporation, that neither INDY nor OWB is the real party in interest to foreclose, and they fraudulently conceal this information

48.     On information and belief, Plaintiff alleges that Defendants, in committing the acts alleged in this Complaint, are engaging in a pattern and practice of unlawful activity. In pursuing the non-judicial foreclosure, Defendants represented that they have the right to payment under the Note in connection with the Subject Loan, payment of which was secured by a deed of trust. Whereas, in fact, the Defendants were not in possession of the Note and they were neither holders of the Note or

1   non-holders of the Note entitled to payment, as those terms are used in California Commercial Code

2   § 3301 and 3309, and therefore they were proceeding to foreclose without rights under the law.

3        49.     The final stage of a foreclosure proceeding is a sale of the property through a public

4   auction at which the current beneficial owner of the right to foreclose is the only lawful party who

5   can provide instructions to the trustee on the amount of money to accept at the sale or to "credit bid"

6   up to the amount owed on the loan.  Mortgage Electronic Registration Systems, Inc. is the named

7   "nominal" beneficiary but is not the beneficiary entitled to foreclose.  In fact, none of the

8   Defendants, or any of their purported authorized agents, who have played a part in the non-judicial

9   foreclosure proceedings is entitled to receive payment from the loan proceeds, or the Subject

10  Property.  The assertion made in the foreclosure proceedings that the beneficiary named on the trust

11  deed is entitled to foreclose and the notices of default and trustee sale based on amounts not properly

12  owing are acts of fraud or deceit within the meaning of Cal. Civ. Code §2924h.

13                          **FIRST CAUSE OF ACTION**

14          **VIOLATION OF THE REAL ESTATE SETTLMENT PROCEDURES ACT**

15                          **12 U.S.C. § 2605 et seq.**

16                   **(Against Defendants INDY and Quality Loan)**

17       50.     Plaintiff re-alleges and incorporates herein by reference, each and every allegation

18  contained above as though set forth in full.

19       51.     The Subject Loan is a mortgage loan subject to the provisions of the Real Estate

20  Settlement Procedures Act set forth at 12 U.S.C. § 2605 *et seq.*

21       52.     A violation of RESPA is also made unlawful under California state law by Financial

22  Code section 50505, which states, "Any person who violates any provision of [RESPA] or any

23  regulation promulgated hereunder, violates this division [California Residential Mortgage Lending

24  Act]."

25       53.     On or about December 30, 2009, Plaintiff, through her attorney, sent defendant

26  Quality Loan the QWR as defined under RESPA, 12 U.S.C. § 2605(e)(1)(B), regarding the crediting

27  of payments on her mortgage account and asking for an accounting, as well as a demand for a copy

28

1  of the Note with any modifications, and a beneficiary statement under California Civil Code § 2943.

2  Follow up correspondence was sent 01/15/2010, 02/23/2010, 03/08/2010 and 03/19/2010.   Notice of

3  Intent to Sue was sent via facsimile and regular mail on 03/23/2010.

4          54.     On or about February 23, 2010, Plaintiff, through her attorney, sent both INDY and

5  Quality Loan Service Corp. a supplemental QWR RESPA, 12 U.S.C. § 2605(e)(1)(B), requesting all

6  documents evidencing the identity of the owner and holder of the Note and mortgage in connection

7  with the Subject Property, including the complete chain of title to ownership of the Note and

8  mortgage.

9          55.     Defendant INDY initially acknowledged receipt by letter dated 01/26/2010 and

10  responded by stating that it did not know whether to treat the QWR as such.  They said they would

11  investigate.  Even though Plaintiff's next letter of 02/23/2010 was captioned QUALIFIED

12  WRITTEN REQUEST, and each correspondence thereafter incorporated the totality of documents

13  constituting the QWR, Defendant INDY sent a letter to Plaintiff on March 15, 2010 stating it still did

14  not know whether to treat the package as a QWR.  In the meantime, each and every correspondence

15  was returned to Plaintiff's attorney by INDY as above stated. No other response was provided.

16          56.     Defendants INDY and Quality Loan violated RESPA by, among others, failing to

17  provide a Servicing Statement as set forth in 12 U.S.C. § 2605(a); Reg. X  § 3500.21(b); and did not

18  properly respond to Plaintiff's Qualified Written Request as set forth in 12 U.S.C. § 2605(e) and

19  Reg. X § 3500.21(e); by failing to provide the information requested by Plaintiff, failing to make

20  corrections to Plaintiff's account, and provide written notification of correction; and, by failing to

21  provide a written explanation of why the servicers, defendants INDY and  Quality Loan, believe the

22  account in connection with the Subject Loan is correct, along with the name and telephone number

23  of the INDY representative in response to the QWR.  To the contrary, the contact person at the INDY

24  general number, which is designed for automated services, who identified herself as "Jessica B19"

25  on 03/23/2010 refused to identify a person with whom Plaintiff's attorney could converse about the

26  QWR, even though she was aware of their RESPA Department on premises, she said they don't

27  accept phone calls.

28

57.     Plaintiff is informed and believes, and thereon alleges, that Defendants named herein, have engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605.

58.     Defendant INDY violated RESPA 12 U.S.C. § 2605(e)(1)(A), by failing to provide a written response acknowledging receipt of the Plaintiff's Qualified Written Request no later than 20 days after receipt of the request.  Defendant Quality Loan violated RESPA, 12 U.S.C. § 2605(e)(2)(C), by failing to provide Plaintiff with the information and documentation requested, or an explanation of why the information sought was unavailable, no later than 60 days after receipt of Plaintiff's Qualified Written Request.

59.     Quality Loan violated RESPA, 12 U.S.C. § 2605(e)(2) (C) , by failing to provide Plaintiff with the information and documentation requested, or an explanation of why the information sought was unavailable.

60.     Defendants INDY and Quality Loan Service Corp. violated RESPA, 12 U.S.C. § 2605(e)(2)(A), by failing to make appropriate corrections to the Plaintiff's account in response to the Qualified Written Request, including the crediting of any late charges or penalties, and failing to transmit written notice of such corrections to the Plaintiff no later than 60 days after receipt of the Plaintiff's Qualified Written Request.

61.     Defendants INDY and Quality Loan Service Corp.  violated RESPA, 12 U.S.C. § 2605(e)(2) by refusing to cease its collection efforts and foreclosure proceedings after receiving the Plaintiff's qualified written request by continuing with foreclosure, including service of NOTICE OF SALE on March 8, 2010 and repeated failure and refusal, despite written and oral demands to cancel and/or continue the sale date of March 29, 2010.

62.     Upon information and belief, Defendants INDY and Quality Loan Service Corp. violated RESPA, 12 U.S.C. 2605(e)(3), by providing information to consumer reporting agencies regarding overdue payments allegedly owed by the Plaintiff that were related to her qualified written request.

63.     Defendants named herein have engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA as set forth in 12 U.S.C. § 2605 and have and continue to conceal information.

64.     As set forth above, defendants violated numerous federal and state laws.  However, until Plaintiff can obtain basic information such as who the current holder of the promissory note is, which information is in the exclusive control of Defendants, she is unable to plead a complete case which even includes all parties who may have in interest in the legal action.

65.     Therefore plaintiff had no choice but to file this complaint for damages and injunctive relief based on RESPA and will file an amended complaint when and if Defendants refrain from concealing necessary information.

66.     As a direct and proximate result of defendants INDY and Quality Loan's failure to comply with RESPA, as set forth herein, Plaintiff has suffered and continues to suffer damages, to incur attorney's fees and costs of suit.  Plaintiff is entitled to recover statutory damages, actual damages in an amount to be determined at trial, costs and reasonable attorneys' fees incurred herein.

## SECOND CAUSE OF ACTION

### Injunctive Relief

(Against Defendants INDY and Quality Loan)

44.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

45.     Defendants have commenced a foreclosure action under the Note and have scheduled a non-judicial sale.  Said sale will cause Plaintiff great and irreparable injury in that real property is unique.

46. The wrongful conduct of Defendants, unless restrained and enjoined by an order of the court, will cause great and irreparable harm to her.  Plaintiff will not have the beneficial use and enjoyment of the property and will lose her home

47. Plaintiff has no other plain, speedy or adequate remedy and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff.  Plaintiff

1 has suffered and will continue to suffer in the future unless Defendants' wrongful conduct is
2 restrained and enjoined because real property is inherently unique and it is and will be impossible for
3 Plaintiff to determine the precise amount of damage she will suffer.

4      WHEREFORE, Plaintiff prays for relief as set forth below.

5 <center>**PRAYER**</center>

6      **WHEREFORE**, Plaintiff prays for judgment and order against Defendants, inclusive, as
7 follows:

8     1.    For statutory damages in the amount of $1000 per violation pursuant to 12 U.S.C.
9 §2605(f) and Reg. X 24 C.F.R. §3500.21(f);

10     2.    For attorney's fees and court costs ;

11     3.    For a temporary restraining order, preliminary and permanent injunction requiring
12 Defendants to provide the information requested in the QWR and §2943 demand served on them and
13 in particular the information Defendants have about any assignments of the Note and specifically the
14 identity and assignment of the Note to any SPV;

15     4.    For a temporary restraining order, preliminary and permanent injunction requiring
16 Defendants to cease taking any and all action to foreclose;

17     5.    For leave to amend this complaint after the information requested is provided;

18     6.    For such other and further relief as the court deems just and proper.

20                     Respectfully submitted,
Dated:    March 24, 2010

                                   Christy Weston
                                   Plaintiff In Pro Se

Case No.

1

## **DEMAND FOR JURY TRIAL**

2        Plaintiff Christy Weston demands a trial by jury.

3

4   Dated: March 24, 2010

5

6                                              _____

7                                              Christy Weston
                                               Plaintiff In Pro Se

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Last Transmission**                                    **Mar.25.2010  11:52 PM**

CHRISTY WESTON SERVICE
INDY MAC MORTGAGE
SERVICES

Name  : CONFIDENTIAL INFORMATION

Tel   : 818 713 1020

| Date   | Time    | Type | ID          | Duration | Pages | Result |
|--------|---------|------|-------------|----------|-------|--------|
| Mar.25 | 11:44PM | Send | 12693532474 | 04:15    | 25    | OK     |

**Last Transmission**

Mar.26.2010   08:06 AM

Name  : CONFIDENTIAL INFORMATION
Tel   : 818 713 1020

*CHRISTY WESTON SERVICE*

*ONEWEST BANK*

| Date   | Time    | Type | ID          | Duration | Pages | Result |
|--------|---------|------|-------------|----------|-------|--------|
| Mar.26 | 07:51AM | Send | 16195683574 | 07:00    | 24    | OK     |

**Last Transmission**                                    Mar.26.2010   08:24 AM

                                                          *CHRISTY WESTON*
Name  : CONFIDENTIAL INFORMATION                          *SERVICE*
Tel   : 818 713 1020                                      *DEUTSCHE BANK*

---

| Date    | Time    | Type | ID          | Duration | Pages | Result |
|---------|---------|------|-------------|----------|-------|--------|
| Mar.26  | 08:15AM | Send | 13107886120 | 07:30    | 24    | OK     |