1  CHRISTY WESTON
   5144 Bascule Ave.
2  Woodland Hills, CA 91364

3  Tel. (818) 713 1020
   (818) 298-5419 cell
4

5  Plaintiff, Christy Weston In Pro Se

6

7              UNITED STATES DISTRICT COURT

8              CENTRAL DISTRICT OF CALIFORNIA

9

10 CHRISTY WESTON, an individual,      )   Case No. CV 10 2198 GAF (FFMx)
                                       )
11                                     )   APPLICATION FOR TEMPORARY
              Plaintiff,               )   RESTRAINING ORDER AND
12                                     )   PRELIMINARY INJUNCTION
   v.                                  )
13                                     )
   INDYMAC MORTGAGE SERVICES, a        )
14 Division of ONEWEST BANK FSB aka    )
   ONEWEST BANK GROUP, LLC, a          )
15 Delaware Limited Liabilty Company;  )
   QUALITY LOAN SERVICE CORP., a       )
16 California Corporation, DEUTSCHE    )
   BANK NATIONAL TRUST COMPANY;        )
17 a National Banking Association;     )
   INDYMAC INDX MORTGAGE LOAN          )
18 TRUST 2007 FLX RAY 3; and           )
   MORTGAGE ELECTRONIC                 )
19 REGISTRATION SYSTEMS, INC., a       )
   Delaware Corporation.               )
20                                     )
              Defendants.              )
21

22

23

24

25

26

27

28

This Application is brought in response to Defendants' refusal to postpone foreclose on Plaintiffs' property despite their persistent failure and refusal over three months' time to provide information, produce documents and/or even permit personal contact as required by the Real Estate Settlement Practices Act (RESPA) when a Qualified Written Request (QWR) is made.

Defendants IndyMac Loan Servicing, a Division of One West Bank, FSB are orchestrating a foreclosure sale as to Plaintiff's residence in Woodland Hills, CA to take place on Monday, March 29, 2010. Plaintiff has tried by every means possible to communicate with these defendants regarding a postponement of the sale but they are dead set on seeing it through.

Defendants' foreclosure under the circumstances of this case would be wrongful in many respects. As more fully set forth in the Complaint and in the supporting Declaration of Michael Worthington, Defendants have failed to comply with the provisions of RESPA by ceasing collection activity, which certainly is the purpose of the foreclosure, until they have responded as required to the Plaintiff's QWR. There are two big questions begging for an answer:

(1) Who is the true owner of the note on which the obligation giving rise to foreclosure is based? and

(2) How much is owed?

There is a plethora of other claims Plaintiff needs to present, but she is unable to articulate them until Defendants comply with RESPA by providing the necessary information. For this reason, a Temporary Restraining Order to stop the sale on March 29, 2010 is urgently necessary, and Defendants must show cause, if any they have, why a Preliminary Junction should not issue pending trial in this matter.

## LEGAL STANDARD

A party seeking a preliminary injunction must demonstrate "'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, — F.3d —, 2009 WL 3448435, at *13 (9th Cir. 2009) (quoting Winter v. Nat. Res. Def. Council, Inc., — U.S. —, 129 S.Ct. 365, 374 (2008)). Moreover, in the Ninth Circuit, a preliminary

2

injunction is appropriate if the plaintiff demonstrates that "serious questions going to the merits [are] raised and the balance of hardships tips sharply in the plaintiff's favor." <u>Lands Council v. McNair</u>, 537 F.3d 981, 987 (9th Cir. 2008) (en banc) (internal citations and quotation marks omitted). "In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." <u>Indep. Liv. Cntr. of Southern Cal., Inc. v.Maxwell-Jolly</u>, 572 F.3d 644, 651 (9th Cir. 2009) (quoting Winter, 129 S.Ct. at 376) (internal quotation marks omitted).

## DISCUSSION

Plaintiff is likely to succeed on the merits of her claim for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 et seq. because defendants failed to properly and accurately comply with disclosure requirements. They did not provide Plaintiff with a Servicing Statement as set forth in 12 U.S.C. § 2605(a) and Reg. X § 3500.21(b); they did not properly respond to Plaintiffs' qualified written requests ("QWRs") as required by 12 U.S.C. § 2605(e) and Reg. X § 3500.21(e); and they conspicuously fail and refuse to name and give a telephone number of the servicer representative.

Defendants have steadfastly refused to identify the true owner of the Note and mortgage for the Subject Loan while there is already significant evidence that IndyMac Bank, FSB sold the Note to Deutsche National Trust Company about a month after the loan was made, and the obligation was securitized such that it is likely owned by a number of investors whose identities are unknown. This at least raises "serious questions" going to the merits because Defendants' obligations under federal law to respond to Plaintiffs' QWRs are not optional. They are mandatory, and they must be accomplished within a certain time frame.

## CONCLUSION

It is respectfully submitted that Defendants' conduct to date has been egregious and flagrantly in violation of RESPA on many counts. The sale of Plaintiff's residence would clearly cause irreparable damage. Real property is unique, and this is particularly true for Plaintiff and her sister,

3

who is a quadriplegic, in that they have made alterations over the years that cannot be readily duplicated elsewhere.

Dated: March 26, 2010

_____

Christy Weston

Plaintiff Pro Se

who is a quadriplegic, in that they have made alterations over the years that cannot be readily duplicated elsewhere.

Dated: March 26, 2010

_____
Christy Weston
Plaintiff Pro Se

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 15760 Ventura Blvd., Suite 700, Encino, CA 91436. On March 26, 2010 I served the foregoing document described as APPLICATION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION, on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

QUALITY LOAN SERVICE, 2141 5th Ave., San Diego, CA 92101, Attn: Daniel J. Goulding, Esq [(619) 568 3628]*

INDYMAC LOAN SERVICING, 6900 Beatrice Ave., Kalamazoo, MI 49003, Attn: RESPA Dept [(269) 353 2432]

X BY MAIL - I caused such envelope with first class postage thereon fully prepaid to be placed in the United States mail at Encino, California.

* VIA FACSIMILE - From Fax no. (818) 908 1127 to Fax No. (See above) at Encino, California, directed to (see above), and no error was reported by the machine. I caused the machine to print a record of the transmission, a copy of which is attached to this declaration.

. I am a member of the bar of this court.

Executed on March 26, 2010 at Encino, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct

Michael Worthington
Type or Print Name                              Signature

```
HP LaserJet 3100                          AD HOC BROADCAST REPORT for
Printer/Fax/Copier/Scanner                ILC
                                          818 908 1127
                                          Mar-26-10   7:06AM
```

| Job | Phone Number    | Start Time      | Pages | Mode | Status     |
|-----|-----------------|-----------------|-------|------|------------|
| 311 | T12693532432    | 3/26   6:59AM   | 9/ 9  | BC   | Completed  |
| 311 | T16195683628    | 3/26   7:03AM   | 9/ 9  | BC   | Completed  |

CHRISTY WESTON
5144 Bascule Ave.
Woodland Hills, CA 91364

(818) 720 1020

facsimile: (818) 908 1127
e-mail: mworthington@intlawctr.com

**FACSIMILE TRANSMISSION**

TO:   INDY MAC MORTGAGE SERVICES
FR:   MICHAEL WORTHINGTON for CHRISTY WESTON
DA:   MARCH 26, 2010
SU:   LOAN NO. 1009621820 - 5144 Bascule Ave., Woodland Hills, CA 91364

SENDER'S FAX NO: (818) 908 1127

RECIPIENT'S FAX NO: (269) 353 2432

SENDER'S TELEPHONE NUMBER: (818) 907-1696

THIS TRANSMISSION CONSISTS OF 9 PAGES INCLUDING THIS ONE

PLEASE CALL US IF THERE ARE ANY PROBLEMS WITH THE TRANSMISSION

cc: Quality Loan Service Corp., Attn: Daniel J. Goulding, Esq. [(619) 568 36284]]

----------------------------------------------------------------

This facsimile is for the personal and exclusive use of the recipients(s) named above. Its terms are not only to remain absolutely confidential but may also be subject to the attorney-client and/or work product privilege.

If you have received this facsimile and are neither the intended recipients(s) or his/her agent, please be advised that any use, review, copying, selling, dissemination, publication or distribution of this facsimile is unauthorized and prohibited.

If you have received this facsimile in error, please immediately notify this office by telephone and return the original facsimile by mail.

COMPLETED BY: _____

APPROXIMATE TIME: _____