LINK: 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2198 GAF (FFMx) | Date | March 29, 2010 |
|---|---|---|---|
| Title | Christy Weston v. Indymac Mortgage Services et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| None | None | |

**Proceedings:**     (In Chambers)

**ORDER RE: PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

**I.
INTRODUCTION**

Plaintiff Christy Weston ("Weston") filed a complaint in this Court stating claims for injunctive relief and violations of the federal Real Estate Settlement Procedures Act ("RESPA"), against defendants Indymac Mortgage Services ("Indymac") and Quality Loan Service Corp. ("Quality"). (Compl. at 12.) She has also applied for a temporary restraining order ("TRO") "to stop the sale" of her home by Indymac and its successor, defendant OneWest Bank Group, LLC. (Appl. at 2.)

Weston states that in approximately March 2007, she was "qualified" for a "refinanced loan" on her residence located at 5144 Bascule Avenue in Woodland Hills, California. (Compl. ¶¶ 2, 32.) On December 4, 2009, a "Notice of Default...in connection with" the property "was filed and served by Quality...claiming a default in the amount of $53,406.37."(Id. ¶ 39.) While the "amount claimed to be in default is incorrect and/or includes charges not permitted under the loan," it also directly contradicted a subsequent notice from Indymac and defendant Deutsche Bank National Trust Company claiming "the amount of $780,976.45" was due. (Id. ¶¶ 39-40.)

Weston claims that on December 30, 2009, she "served a Qualified Written Request under RESPA requesting an accounting and...a copy of the [promissory] note...and a beneficiary statement under" California Civil Code § 2943. (Id. ¶ 53.) But despite receiving this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2198 GAF (FFMx) | Date | March 29, 2010 |
|---|---|---|---|
| Title | Christy Weston v. Indymac Mortgage Services et al | | |

correspondence and subsequent "supplemental" requests in January, February, and March 2010 (Id. ¶¶ 53-55.), Indymac and Quality, the "servicers" of Weston's loan, failed to respond. (Id. ¶¶ 58, 56.)

In sum, Weston alleges that Quality and Indymac violated RESPA, 12 U.S.C. § 2605, by: (1) failing to acknowledge receipt of her QWR (Id. ¶ 58.); (2) failing to provide the loan information she requested, or an explanation for the unavailability of such information (Id. ¶¶ 58-59.); (3) failing to explain why they believed the account information was correct (Id. ¶ 56.); (4) failing to make appropriate corrections to her account in response to the QWR (Id. ¶ 60.); (5) refusing to cease their collection efforts and foreclosure proceedings (Id. ¶ 61.); and (6) providing information to consumer reporting agencies regarding "overdue payments...that were related to" Weston's QWR. (Id. ¶ 62.)

Although Weston's attorney has not appeared as counsel of record in this action, he submits a declaration in support of Weston's application and attaches the December 30, 2009 correspondence (Worthington Decl., Ex. D.), as well as subsequent correspondence to Indymac, Quality and OneWest. (Id., Exs. E, F, I-L, M.)

**II.
DISCUSSION**

**A. LEGAL STANDARD**

The standard for a temporary restraining order is identical to the standard for a preliminary injunction. Frontline Med. Assoc., Inc. v. Coventry Healthcare Workers Comp., Inc., 620 F. Supp. 2d 1109, 1110 (C.D. Cal. 2009) (citing Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A plaintiff seeking preliminary relief must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." Doe v. Reed, 586 F.3d 671, 676 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008).

**B. RESPA**

RESPA is a set of federal statutes governing loan servicers' procedures for responding to debtor requests. The statutes specifically contemplate that borrowers with inquiries regarding their loan accounts will provide a qualified written request ("QWR") to their respective loan servicers. A QWR is defined as "a written correspondence . . . that includes, or otherwise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2198 GAF (FFMx) | Date | March 29, 2010 |
|---|---|---|---|
| Title | Christy Weston v. Indymac Mortgage Services et al | | |

enables the servicer to identify, the name and account of the borrower, and includes a statement of the reasons that the borrower believes the account is in error, if applicable, or that provides sufficient detail to the servicer regarding information relating to the servicing of the loan sought by the borrower." 24 C.F.R. § 3500.21(e)(2)(i); 12 U.S.C. § 2605(e)(1)(B).

RESPA further provides that a loan servicer who receives a QWR must respond to such request within twenty days. 12 U.S.C. § 2605(e)(1). Within sixty days, the servicer must either (1) "make appropriate corrections in the [borrower's] account," (2) provide "a written explanation or clarification" regarding why the account is correct, (3) provide the information requested by the borrower, or (4) explain why the information is unavailable or cannot be obtained. Id. §§ 2605(e)(2). If a servicer fails to comply with these requirements, a borrower may recover "actual damages to the borrower as a result of [such] failure" and "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000." Id. § 2605(f).

**C. PROPRIETY OF INJUNCTIVE RELIEF**

In Chung v. NBGI, Inc., No. C 09-04878, 2010 WL 841297 (N.D. Cal. Mar. 10, 2010) (Patel, J.), another district court in this Circuit considered whether a plaintiff's RESPA claims under 12 U.S.C. § 2605 could properly give rise to a preliminary injunction preventing a foreclosure sale. 2010 WL 841297 at *2. Chung specifically concluded that even "if plaintiff was successful on her RESPA claim...she would not be entitled to an injunction preventing the sale of her home." Id. at *3.

Chung reasoned that some form of injunctive relief, such as "an injunction preventing" the "reporting" of "credit information in violation of RESPA" could theoretically issue, and that the plaintiff would "be entitled to the monetary amount of damages prescribed by the statutes." Id. But enjoining a foreclosure sale would not be "appropriate in the first instance." Id. at *2 (citing Amoco Prod. Co. v. Village of Gambell, 480 U.S. 546 n.12 (1987)); accord Falcocchia v. Saxon Mortgage, Inc., --- F. Supp. 2d ----, No. S-09-2700 LKK, 2010 WL 582059, *9 (E.D. Cal. Feb. 12, 2010) (Karlton, J.); see also Minter v. Wells Fargo Bank, N.A., 593 F. Supp. 2d 788, 796 (D.Md. 2009) ("private injunctions are not available" in suits pursuant to RESPA's anti-kickback provision, 12 U.S.C. § 2607); Mullinax v. Radian Guar., Inc., 199 F. Supp. 2d 311, 334 (M.D.N.C. 2002) ("in light of RESPA's purpose, injunctive relief is unavailable" to private litigants under § 2607).

Although Chung addressed RESPA-based injunctive relief in the preliminary-injunction context, the Court concludes that the underlying rationale applies with equal force in the related

**LINK: 4**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-2198 GAF (FFMx) | Date | March 29, 2010 |
|---|---|---|---|
| Title | Christy Weston v. Indymac Mortgage Services et al | | |

and analagous context of a temporary restraining order.  Therefore, even if Weston could, arguendo, succeed in proving all of her claims under section 2605, enjoining the lender's foreclosure sale would not be a proper remedy.  Chung, 2010 WL 841297, at *3; Falcocchia, --- F. Supp. 2d ----, 2010 WL 582059, at *9.

Because Weston cannot show "she is likely to succeed on her claim for injunctive relief as a remedy" for Quality and Indymac's RESPA violations, she cannot satisfy the first prong of the Winter standard discussed above, and no injunction against the foreclosure sale shall issue. Chung, 2010 WL 841297, at *2 (emphasis added).

## III.
## CONCLUSION

Weston's application for a temporary restraining order to enjoin the pending foreclosure sale is **DENIED**.

**IT IS SO ORDERED.**

Cc:    Christy Weston
       5144 Bascule Avenue
       Woodland Hills, CA 91364